J-S72003-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| Appellee | |
| v. | |
| JOHN STONE | |
| Appellant | No. 1787 MDA 2015 |

Appeal from the PCRA Order September 11, 2015
In the Court of Common Pleas of Luzerne County
Criminal Division at No(s): CP-40-CR-0003745-2010

BEFORE:  GANTMAN, P.J., DUBOW, J., and STRASSBURGER, J.*

JUDGMENT ORDER BY GANTMAN, P.J.:          **FILED SEPTEMBER 19, 2016**

Appellant, John Stone, appeals from the order entered in the Luzerne County Court of Common Pleas, which dismissed as untimely his first petition filed pursuant to the Post Conviction Relief Act ("PCRA"), at 42 Pa.C.S.A. §§ 9541-9546.   On September 19, 2011, a jury convicted Appellant of first-degree murder in connection with his fatal attack of his ex-girlfriend.   The court sentenced Appellant on November 1, 2011, to life imprisonment.  This Court affirmed the judgment of sentence on November 15, 2012.  *See Commonwealth v. Stone*, 63 A.3d 829 (Pa.Super. 2012). Appellant did not seek further direct review.  On January 29, 2014, Appellant filed a *pro se* PCRA petition.   The court appointed counsel, who filed supplemental PCRA petitions on October 29, 2014 and May 8, 2015.  The

_____

*Retired Senior Judge assigned to the Superior Court.

court held a PCRA hearing on July 14, 2015. On September 11, 2015, the court denied relief. Appellant timely filed a notice of appeal on October 9, 2015. PCRA counsel subsequently filed a motion to withdraw, which the court granted and appointed new counsel for the appeal. Appellant timely complied with Pa.R.A.P. 1925(b).

Preliminarily, the timeliness of a PCRA petition is a jurisdictional requisite. *Commonwealth v. Robinson*, 12 A.3d 477 (Pa.Super. 2011). A PCRA petition must be filed within one year of the date the underlying judgment becomes final; a judgment is deemed final at the conclusion of direct review or at the expiration of time for seeking review. 42 Pa.C.S.A. § 9545(b)(1), (3). The statutory exceptions to the timeliness provisions allow for very limited circumstances to excuse the late filing of a petition; a petitioner asserting an exception must file a petition within 60 days of the date the claim could have been presented. *See* 42 Pa.C.S.A. § 9545(b)(1-2). The exception at Section 9545(b)(1)(ii) requires the petitioner to show he did not know the facts underlying his petition and could not have learned them earlier by the exercise of due diligence. *Commonwealth v. Bennett*, 593 Pa. 382, 930 A.2d 1264 (2007). Due diligence requires the petitioner to take reasonable steps to protect his own interests. *Commonwealth v. Carr*, 768 A.2d 1164 (Pa.Super. 2001). A petitioner must explain why he could not have learned the new fact(s) earlier with the exercise of due diligence; this rule is strictly enforced. *Commonwealth v. Monaco*, 996

A.2d 1076 (Pa.Super. 2010), *appeal denied*, 610 Pa. 607, 20 A.3d 1210 (2011). Instantly, Appellant's judgment of sentence became final on December 15, 2012, upon expiration of the time to seek review by our Supreme Court. **See** Pa.R.A.P. 1113. Appellant filed the current petition on January 29, 2014, which is patently untimely. **See** 42 Pa.C.S.A. § 9545(b)(1). Appellant attempts to invoke the "new facts" exception at Section 9545(b)(1)(ii), claiming he did not discover until December 2013 that his direct appeal had been decided on November 15, 2012, after his inquiry in November 2013 to the Prothonotary and the Public Defender;[1] and he filed his PCRA petition within 60 days of this discovery. Appellant insists his petition is timely under **Bennett, supra** (allowing abandonment by counsel on appeal to satisfy "new facts" exception under only very limited circumstance where counsel completely abandoned petitioner on appeal, abandonment was unknown to petitioner, and petitioner filed for relief within 60 days and could not have discovered abandonment sooner with exercise of due diligence). Unlike the petitioner in **Bennett**, however, Appellant learned of counsel's alleged abandonment on December 2, 2013, thirteen days

_____

[1] Appellant attached (1) a copy of his November 18, 2013 inquiry letter to the Prothonotary; (2) the Prothonotary's response on December 2, 2013; (3) an inmate request form indicating Appellant heard nothing from counsel between May 1, 2012 and November 22, 2013; and (4) a letter from the Public Defender's Office dated December 6, 2013. Contrary to Appellant's assertions, the Public Defender's letter did not say that Appellant's counsel lost track of Appellant's file and failed to notify him of this Court's decision.

**before** expiration of the 1-year time-bar. *See Commonwealth v. Watts*, 611 Pa. 80, 23 A.3d 980 (2011) (explaining petitioner's claim is premised upon dismissal of his direct appeal, which was brought to his attention more than two weeks before 1-year time-bar expired; petitioner had ample time to file timely PCRA petition, yet he inexplicably failed to do so; *Bennett* did not authorize courts to grant PCRA relief in every instance of alleged abandonment). Further, almost two years passed before Appellant even inquired about the status of his direct appeal, and he failed to prove the exercise of due diligence. *See Monaco, supra*. Thus, Appellant's petition remains untimely.[2] Accordingly, we affirm and grant counsel's petition to withdraw.

Order affirmed. Petition to withdraw is granted.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 9/19/2016

---

[2] PCRA appellate counsel has filed a motion to withdraw and "no-merit" brief per *Commonwealth v. Turner*, 518 Pa. 491, 544 A.2d 927 (1988) and *Commonwealth v. Finley*, 550 A.2d 213 (Pa.Super. 1988) (*en banc*). Counsel has substantially complied with the *Turner*/*Finley* requirements. *See Commonwealth v. Wrecks*, 931 A.2d 717 (Pa.Super. 2007) (discussing counsel's obligations under *Turner*/*Finley*). Appellant has responded *pro se*.